**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD FLORES, | **1:14-cv-1005  BAM** |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| COMMISSIONER OF SOCIAL SECUIRTY, | |
| Defendant. | |

Plaintiff is proceeding pro se and in forma pauperis in this action challenging his denial of disability benefits. (Docs. 1-3). On July 9, 2014, Plaintiff was advised that in order for his case to proceed, within ninety days, he needed to complete the consent form agreeing to the assignment of his case to a Magistrate Judge, or request reassignment to a District Court Judge. (Doc. 5). Additionally, Plaintiff was ordered to 1) complete a USM-285 form, and 2) submit five copies of the original summons, five copies of the order directing service by the U.S. Marshal, and five copies of any other documents to be served. *Id*. To date, Plaintiff has failed to complete

1

any of the above items.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE, why the action should not be dismissed for his failure to follow this Court's order. If Plaintiff no longer intends to pursue this case, he shall so advise the Court by filing a Notice of Voluntary Dismissal. If the

Plaintiff intends to pursue his case, he needs to complete the above items no later than **April 10, 2015**.  If Plaintiff timely complies with this order, this Order to Show Cause will be vacated.  However, ***Plaintiff's failure to timely respond to this Order to Show Cause will result in dismissal of this action in its entirety.***

      The Clerk of the Court is directed to serve this Order to Show Cause and a copy of the summons (Doc. 4) and the scheduling order including related documents (Doc. 5 – 5.3) on Plaintiff at the following address:

> 4888 E. Florence
> Fresno, California 93725

IT IS SO ORDERED.

Dated: **March 6, 2015**     /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE