UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01005-DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Richard Flores ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs,[1] which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for findings and recommendations. Having considered the moving papers and the Court's file, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by

---

[1] On April 21, 2015, the Court received a submission from Plaintiff entitled "Motion to Admit Additional Evidence" with multiple documents attached as exhibits. (Doc. 9). Plaintiff additionally filed a response to the Court's Order to Show Cause requesting that the Court review the Social Security Administration's disability determination. (Doc. 24). In light of the contents of Plaintiff's submissions, the Court liberally construed the documents collectively as Plaintiff's Opening Brief. (Doc. 25).

substantial evidence in the record as a whole and based upon proper legal standards, and recommends that the Court affirm the Commissioner's denial of benefits.

## BACKGROUND

On May 24, 2011, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on October 30, 2009. AR 182- 89, 251. Plaintiff asserted that he became disabled on October 30, 2009, due to a lacroscopic bilateral inguinal hernia. AR 65. Plaintiff's claims were denied initially on July 28, 2011 and upon reconsideration on November 4, 2011. AR 112-16, 118-22. Plaintiff subsequently filed a written request for a hearing before an administrative law judge ("ALJ"). AR 123-24. On December 18, 2012, the ALJ held a hearing; Plaintiff, who was represented by an attorney, and a vocational expert ("VE") testified. AR 30-58. In a decision dated January 14, 2013, the ALJ found that Plaintiff was not disabled from October 30, 2009, his alleged onset of disability date, through the date of the decision. AR 15-24. Plaintiff requested a review of the ALJ's decision, and the Appeals Council denied Plaintiff's request. AR 1-5. This appeal followed.

## THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2009, his alleged onset date. AR 17. Second, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease; bilateral inguinal hernias, status post repair; history of hydrocele, status post hydrocelectomy; ilioinguinal nerve pain; and atrial fibrillation, status post ablation. AR 17. Third, the ALJ concluded that Plaintiff did not have a listed impairment or combination of impairments. AR 19.

After carefully reviewing the entire record, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), lifting and carrying 20 pounds occasionally and 10 pounds frequently; and siting, standing, and walking 6 hours in an 8-hour day with an option to sit/stand at will. AR 19. The ALJ also found Plaintiff could occasionally stoop, crouch, crawl, climb, and kneel, but never climb ladders, ropes, or scaffolds. AR 19. At the fourth step, the ALJ found Plaintiff could not perform any of his past relevant work. AR 22. However, at the fifth step, the ALJ determined that Plaintiff could perform a significant number of

jobs in the national economy. AR 23. Therefore, the ALJ found that Plaintiff was not disabled. AR 24.

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), a Court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006) (*citing Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. *Robbins*, 466 F.3d at 882 (*citing Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. *Robbins*, 466 F.3d at 882 (*citing Flaten*, 44 F.3d at 1457).

## DISCUSSION[2]

Liberally construed, Plaintiff's briefing asserts, in pertinent part, that Plaintiff was denied disability benefits after his hearing before an Administrative Law Judge on December 18, 2012. (Doc. 24). When he later provided additional medical records after the hearing, the Social Security Administration awarded Plaintiff limited benefits. Plaintiff now asks the Court to grant his "initial request for benefits" dating back to his disability onset date of October 2009. Ultimately, while Plaintiff vaguely references the ALJ's denial of his request for benefits; Plaintiff fails to identify any errors in the ALJ's findings or otherwise demonstrate why the ALJ's conclusion was in error. The Court therefore cannot conclude that a reversal or remand is warranted in this case since Plaintiff has not shown that the ALJ's initial non-disability decision was not supported by substantial evidence or was based on legal error. The Court further finds that the ALJ's decision was supported by substantial evidence as follows.

First, in evaluating Plaintiff's residual functional capacity, the ALJ relied in part on opinions regarding Plaintiff's physical and mental abilities provided by Dr. Samuel B. Rush[3] (a consultative examining internist) and Dr. David Reiss[4] (a qualified examining psychiatrist)—neither of whom found any limitations beyond those accounted for in the ALJ's residual functional capacity assessment. AR 500-506, 480-491. The opinions of Drs. Rush and Reiss were each supported by independent clinical findings, and thus constitute substantial evidence supporting the ALJ's residual functional capacity assessment for Plaintiff. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[3] On October 18, 2011, Dr. Rush, a board-certified internist, conducted an Internal Medicine Consultation which included a physical examination of Plaintiff. AR 500-506. Based on his examination of Plaintiff, Dr. Rush found that Plaintiff had a normal range of motion with no tenderness in the lumbar spine. Dr. Rush further found a normal range of motion in Plaintiff's extremities and opined that Plaintiff did not have any walking, standing or sitting restrictions. AR 504. The ALJ concluded that Dr. Rush's opinion was generally consistent with the medical evidence, including Plaintiff's denial of joint pain, swelling, stiffness, myalgias, and deformities in the extremities. AR 21.

[4] On October 7, 2009, Dr. Reiss performed a qualified psychiatric medical examination of Plaintiff. AR 377- 417. Based on his examination of Plaintiff, Dr. Reiss essentially opined that, Plaintiff was working without any limitation or restrictions due to a psychiatric disorder. AR 418. The ALJ afforded great weight to Dr. Reiss's opinion because it was consistent with the overall medical evidence, including Plaintiff's lack of mental health treatment. AR 18.

rested on independent examination of claimant); *cf., e.g., Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled").

Second, substantial evidence also supports the ALJ's non-disability determination at step five. At the hearing, the ALJ posed a hypothetical question to the vocational expert which included all of the limitations contained in the ALJ's residual functional capacity assessment for Plaintiff. AR 54-55. In response, the vocational expert testified that a claimant with the stated limitations could still perform the representative jobs of cashier II, ticket seller, and outside deliverer. AR 55-56. Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination that Plaintiff could perform such jobs. *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999) (vocational expert's testimony may constitute substantial evidence of claimant's ability to perform work in the national economy when ALJ poses hypothetical question that accurately describes all of a claimant's limitations and restrictions supported by the record).

Finally, with respect to Plaintiff's general allegations that he "is entitled to [his] first request for benefits" (Doc. 24), any claim of error based on such conclusory pleading does not merit relief. *Cf. Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (courts "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening") (citation and internal quotation marks omitted).

Accordingly, a remand or reversal is not warranted in this case

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Carolyn W. Colvin and against Plaintiff Richard Flores.

These findings and recommendations will be submitted to the district judge pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the

Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**July 22, 2016**__         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE